IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, :<br><br>Plaintiff, :<br><br>v. :<br><br>DYNASPLINT SYSTEMS, INC. and DYNASPLINT SYSTEMS, INC. 401(K) PLAN, :<br><br>Defendants. : | Civil Action<br><br>No. ____ |

## COMPLAINT

Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Secretary"), hereby alleges:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The Dynasplint Systems, Inc. 401(k) Plan (the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is administered in Maryland.

4. Venue with respect to this action lies in the District of Maryland, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**The Parties**

5. The Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6. At all relevant times, Dynasplint Systems, Inc. ("the Company") has been the Plan Sponsor and Plan Administrator of the Plan. At all relevant times, the Company has exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and exercised discretionary authority or discretionary responsibility in the administration of the Plan. At all relevant times, the Company, as Plan Administrator, had the responsibility to ensure that upon a partial termination of the Plan, terminated Plan participants would be fully vested in their respective accounts, including employer contributions to those accounts, even if the terminated Plan participants had not otherwise satisfied the Plan's vesting schedule. The Company, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A) and (C) of ERISA, 29 U.S.C. §§ 1002(14) (A) and (C).

7. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

8. The Company is a Maryland corporation that manufacturers therapeutic range of motion devices.

9. The Company established the Plan on or about January 1, 1990. The Plan permitted participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions. The Plan is also funded through discretionary employer contributions.

10. According to the Plan's vesting schedule, an employee is fully vested after five years of service.

11. According to the Plan document, upon a partial termination of the Plan, terminated Plan participants shall be fully vested in their respective accounts, including employer contributions, even if the terminated Plan participants have not otherwise satisfied the Plan's vesting schedule.

12. In 2013, the Plan experienced a partial termination, but the Company failed to vest certain terminated Plan participants in the full amount of employer contributions to their respective accounts.

13. Employer contributions to certain terminated Plan participants accounts were instead improperly placed into a forfeiture account, which was used to pay employer contributions to the Plan and to pay Plan expenses.

## **Violations**

14. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-13 inclusive.

15. By the actions and conduct described above, the Company, as a fiduciary of the Plan:

   a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

   b. failed to discharge its duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of Title I and IV of ERISA in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

   c. dealt with assets of the Plan in its own interest or for its own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1).

**Prayer for Relief**

WHEREFORE, the Secretary prays that this Court issue an order:

a. Requiring the Company to restore to the Plan all losses, including interest or lost opportunity costs, which were incurred as a result of Defendant's failure to treat employer contributions to certain Plan participant accounts as fully vested when the Plan was partially terminated in 2013, to be allocated to the Plan participants whose employer contributions to their Plan accounts were improperly forfeited when the Company failed to vest such participants in the full amount of employer contributions to their respective accounts.

b. Awarding plaintiff, Secretary of Labor, the costs of this action; and

c. Awarding such other relief as is equitable and just.

d.

Respectfully submitted,

Post Office Address:

Office of the Solicitor
U. S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA   19106-3306
Telephone No. (215) 861-5130
Facsimile No. (215) 861-5162
abdoveis.elaine.m@dol.gov
zzsol-phi-docket@dol.gov

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

_____
Elaine M. Abdoveis
Attorney
PA Bar 311468
Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR

April 11, 2017