FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 APR 21  PM 5: 11

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

EDWARD C. HUGLER, ACTING
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

   Plaintiff,

v.

DYNASPLINT SYSTEMS, INC. and
DYNASPLINT SYSTEMS, INC. 401(K) PLAN,

   Defendants.

---

Civil Action

No. 17-996

## CONSENT JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), has filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging certain violations by Defendant Dynasplint Systems, Inc. ("Defendant"). Dynasplint Systems, Inc. 401(k) Plan ("Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

The Secretary, through counsel, has engaged in settlement discussions with Defendant. The parties have agreed to resolve this case without further litigation. Defendant consents to the entry of this Consent Judgment against it by this Court, the terms of which are set forth herein:

1. The Secretary's Complaint alleges that the Defendant violated Sections 404, and 406 of ERISA, 29 U.S.C. §§ 1104 and 1106.

2. For purposes of this Consent Judgment, Defendant agrees that the Court has jurisdiction over it and the subject matter of this action.

3. The Secretary and Defendant have agreed to resolve amicably all claims asserted in the Complaint against Defendant for the equitable relief set forth below.

4. Defendant agrees that it is liable to make full restitution to the Plan in the amount indicated below.

5. Defendant agrees that it will pay the appropriate civil penalty pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l).

6. The Secretary and Defendant understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Defendant of any defenses, legal or equitable, to any such future action.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

a. This Court has jurisdiction over this action and Defendant.

b. Defendant shall restore $97,810.55 in Plan assets, representing improperly forfeited employer contributions following a partial Plan termination, and interest in the amount of $10,914.27 to the Plan for restitution totaling $108,724.82

c. Defendant shall pay the restitution described above to the Plan in eight (8) monthly payments. The first monthly payment shall be in the amount of $42,712. The second through the seventh monthly payments shall be in

the amount of $10,000 each. The final payment shall be in the amount of $6,012.82. The first such payment is due on the first of the month not less than thirty-five (35) days from the date the Court approves this Consent Judgment. Each succeeding payment will be due on the first of the month *in seriatim*.

d. The Plan shall immediately allocate these restitution payments to the Plan participants' accounts *pro rata*, based on the percentage of the total Plan assets due to each participant, in amounts necessary to restore their losses. The interest portion of the restitution payments shall also be allocated on a *pro rata* basis. Losses to Plan participants' accounts, of both interest and Plan assets, were incurred as a result of Defendant's failure to treat employer contributions in certain participant accounts as vested when the Plan was partially terminated in 2013.

e. Defendant shall provide to the Regional Director of EBSA satisfactory documentary proof of each payment to the Plan, within ten (10) days of each payment. Satisfactory proof of the payments by Defendant shall consist of at a minimum a copy of all bank statements, checks, and Plan account statements within ten (10) days of the date the entity acting as the trustee of Plan assets makes such statements available. Upon request, Defendant will provide any other information and documents deemed necessary by EBSA to confirm compliance with this Consent Judgment within thirty (30) days of such request. Such proof shall be sent, via overnight mail, to the Regional Director, EBSA, U.S. Department of

3

Labor, 1335 East-West Highway, Suite 200, Silver Spring, MD 20910-3224.

f. In the event that Defendant fails to make any installment payment within ten (10) days of its due date, the entire balance then owing, plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment and reasonable attorneys' fees, shall become immediately due and payable. No further notice or demand by the Secretary to Defendant will be required

g. Defendant shall pay all Plan expenses associated with the distribution of the restitution amounts described above. No Plan expenses shall be paid out of the restitution amounts described above, nor shall any Plan expenses associated with the distribution of the restitution amounts described above be paid out of any Plan assets.

h. Upon receiving proof of the final restitution payment, the Secretary shall assess a penalty against Defendant in the amount of 20 percent of the applicable recovery amount pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l). The applicable recovery amount shall include all amounts paid to the Plan in accordance with paragraphs (b), (c), and (f) of this Consent Judgment. Defendant agrees to pay any penalty assessed by the Secretary of Labor under Section 502(l) of ERISA, 29 U.S.C. § 1132(l).

i. Defendant will comply with ERISA in the future while serving as a fiduciary of the Plan.

4

j.  Defendant is permanently enjoined from violating any provisions of ERISA in the future.

k.  If Defendant files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendant will not oppose any proof of claim that the Secretary files in the bankruptcy proceeding for any amount still owing.

l.  If Defendant files for any form of bankruptcy prior to the full payment of restitution to the Plan, Defendant will not oppose any adversary action that the Secretary may file to have the debt to the Plan declared non-dischargeable and any amount of unpaid liability set forth in paragraphs (b), (c) and (f) above, which resulted from Defendant's failure to treat employer contributions in certain participant accounts as vested when the Plan was partially terminated in 2013, is, and shall be treated as, a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

m.  The Secretary and Defendant shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding. The Defendant expressly waives any and all claims of any nature it may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives arising under the Equal Access to Justice Act.

n.  This Consent Judgment shall operate as a final disposition of all civil claims asserted by the Secretary against Defendant in the Complaint.

o. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor.

p. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

q. The Court directs the entry of this Consent Judgment as a final order.

R. The Clerk is directed to close this case. *ELH*

Date: January 9th, 2017

_Ellen L. Hollander_ 4/4/17
United States District Judge

Defendant Dynasplint Systems, Inc.
waives filing an answer and consents to entry of
this Consent Judgment.

By: George Hepburn, P.T.
President
Dynasplint Systems, Inc.
770 Ritchie Highway, Suite W-21
Severna Park, MD 21146

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Elaine M. Abdoveis
Attorney
PA 311468

Office of the Solicitor
170 S. Independence Mall West
Suite 630 E, The Curtis Center
Philadelphia, PA 19147
Phone: (215) 861-5130
Fax: (215) 861-5162
Abdoveis.elaine.m@dol.gov
zzsol-phi-docket@dol.gov

U.S. DEPARTMENT OF LABOR

Counsel for the Plaintiff

6